UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                    :

        -v.-                                :        S2 11 Cr. 424 (NRB)

GULAY CIBIK,                                :
REFAEL BRODJIK
    a/k/a "Rafi,"                           :
ABRAHAM FLAM,
NATHAN SCHWARTZ,                            :
HAROLD TISHLER,
    a/k/a "Hershy,"                         :

          Defendants.                 :

- - - - - - - - - - - - - - - - - -x


## GOVERNMENT'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS


PREET BHARARA
United States Attorney for the
Southern District of New York,
Attorney for the United States
    of America


Janis M. Echenberg
James J. Pastore, Jr.
Assistant United States Attorneys
    - Of Counsel -

## TABLE OF CONTENTS

                                                                    Page

A.   The Charges . . . . . . . . . . . . . . . . . . . . . 2

B.   Ability to Render a Fair Verdict . . . . . . . . . . . 3

C.   Knowledge of the Trial Participants . . . . . . . . . 5

D.   Relevant Locations . . . . . . . . . . . . . . . . . . 6

E.   Relationship With Government . . . . . . . . . . . . . 7

F.   Prior Jury Service . . . . . . . . . . . . . . . . . . 7

G.   Experience as a Witness, Defendant,
        Or Crime Victim . . . . . . . . . . . . . . . . . 8

H.   Other Questions . . . . . . . . . . . . . . . . . . . 9

I.   Function of the Court and Jury . . . . . . . . . . . . 9

J.   Juror's Background . . . . . . . . . . . . . . . . . . 11

K.   Requested Instruction Following Impaneling
        of the Jury . . . . . . . . . . . . . . . . . . . 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

            -v.-                     :        S2 11 Cr. 424 (NRB)
GULAY CIBIK,                         :
REFAEL BRODJIK
      a/k/a "Rafi,"                  :
ABRAHAM FLAM,
NATHAN SCHWARTZ,                     :
HAROLD TISHLER,
      a/k/a "Hershy,"               :

            Defendants.             :

- - - - - - - - - - - - - - - - - -x


GOVERNMENT'S PROPOSED
<u>EXAMINATION OF PROSPECTIVE JURORS</u>

        The Government respectfully requests the Court to
include the following questions in its examination of prospective
jurors pursuant to Rule 24(a) of the Federal Rules of Criminal
Procedure.

        The Court is requested to pursue more detailed
questioning at the sidebar or in the robing room if a particular
juror's answer reveals that further inquiry is appropriate and,
in such an instance, to conclude with an inquiry as to whether
the particular fact or circumstance would influence the juror in
favor of or against either the Government or the defendant, or
otherwise affect the juror's ability to serve as a fair and
impartial juror in this case.

A.   <u>The Charges</u>

1.   This is a criminal case.  The defendants, Gulay
Cibik, Refeal Brodjik, a/k/a "Rafi," Abraham Flam, Nathan
Schwartz and Harold Tischler, a/k/a "Hershy," have been charged
in an Indictment filed by a grand jury sitting in this District
with violating federal law relating to conspiracy to engage in
immigration fraud, substantive immigration fraud and a conspiracy
to commit mail and wire fraud.

2.   The Indictment is not evidence itself.  It simply
contains the charges that the Government is required to prove to
the satisfaction of the jury beyond a reasonable doubt.  I would
like to summarize the charge in this case in order to determine
whether there is anything about the nature of this case that may
make it difficult or inappropriate for any of you to serve on the
jury.

3.   The Indictment contains eight counts.  Count One
charges the defendants with conspiring to commit immigration
fraud and to submit false statements to the United States
Government from 1996 through 2011.  Count Two, Three, Five, Six
and Seven charge each defendant separately with the substantive
act of committing immigration fraud.  Count Four charges
defendant Refeal Brodjik with making false statements in a
naturalization application.  Count Eight charges each of the

2

defendants with conspiring to commit mail and wire fraud from 1996 through 2011.

　　　　4.　　Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?  Have any of you read or heard anything about this case?  If so, is there anything you have read or heard that would cause you to feel that you cannot decide the fact issues of this case fairly and impartially?

　　　　5.　　Do any of you feel that you could not view fairly and impartially a case involving such charges?  Have any of you formed an opinion that any of the actions charged in the Indictment, as I have described them to you, should not be a crime?

　　　　B.　Ability to Render a Fair Verdict

　　　　6.　　Does the fact that the charges involve immigration fraud affect your ability to render a fair and impartial verdict?

　　　　7.　　Do any of you have any opinion about the enforcement of federal criminal laws relating to the United States immigration laws that might prevent you from being fair and impartial in this case?

　　　　8.　　Has any juror been involved in an offense involving immigration fraud or mail and wire fraud?

　　　　9.　　Has any juror's relative, close friend or associate been accused of any such offenses?

3

10.   Has any juror applied for United States immigration benefits on behalf of themselves or someone else (e.g., alien labor certification, permanent residence, naturalization)?

11.   Has any juror's relative, close friend or associate applied for immigration benefits on behalf of themselves or someone else?

12.   The witnesses in this case will include law enforcement agents as well.  Would any of you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement agent?

13.   This case involves application processes conducted by the United States Department of Labor, Employment and Training Administration ("ETA") and the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). Has any juror worked for ETA or USCIS?  If so, in what capacity? Has any juror had any contact with ETA or USCIS?  If so, what was the nature of that contact?

14.   This case was investigated by, among other entities, Immigration and Customs Enforcement ("ICE") and the Department of Labor ("DOL").  Has any juror worked for ICE or the DOL?  If so, in what capacity?  Has any juror had any contact with ICE or the DOL?  If so, what was the nature of that contact?

4

C.   Knowledge of the Trial Participants

15.   Do any of you know, or have any of you had any dealing, directly or indirectly, with Gulay Cibik, Refeal Brodjik, a/k/a "Rafi," Abraham Flam, Nathan Schwartz or Harold Tischler, a/k/a "Hershy," or with any relative, friend or associate of one of the defendants?

16.   Do any of you have any relatives, friends, associates, or employers who know or have had any dealings with any of the defendants?

17.   The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York -- who is Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Janis Echenberg and James Pastore.  Do any of you know Mr. Bharara, Ms. Echenberg, or Mr. Pastore?  Joining Ms. Echenberg and Mr. Pastore at counsel's table are Michael Dinet, a paralegal with the U.S. Attorney's Office; Deidre Gordon, a Special Agent with ICE; and Ryan Gibbs, a Special Agent with the DOL, Office of the Inspector General. Have you had any dealings either directly or indirectly with any of these individuals?

18.   The defendants are represented as follows:

a. Gulay Cibik is represented by attorney Xavier Donaldson.

5

        b. Refael Brodjik is represented by Donald duBoulay.

        c. Abraham Flam is represented by James Moriarty

        d. Harold Tischler is represented by Paul Greenfield.

        e. Nathan Schwartz is represented by Peter Brill. Do any of you know any of these attorneys or have you had any dealings, either directly or indirectly, with any of them?

        19.  Does any juror know or has he or she had any dealings, either directly or indirectly with any of the following individuals who may be called as witnesses or whose names may come up during the trial:

        [list to be provided]

D.   <u>Relevant Locations</u>

        Certain conduct at issue in this case took place at offices and homes at the following locations:

        [list to be provided]

Are any of you familiar with these general areas of New York or New Jersey, or these specific locations?  What do you know about the area?  Do you think that your familiarity with the area will affect your ability to render a fair verdict?

E.    Relationship With Government

20.   Do any of you know, or have any association --
professional, business, or social, direct or indirect -- with any
member of the staff of the United States Attorney's Office for
the Southern District of New York, or ICE or the DOL?  Is any
member of your family employed by any federal department or
agency, or any law enforcement agency, whether federal, state or
local?

21.   Does any juror have any bias, prejudice or other
feelings for or against the United States Attorney's Office, ICE,
the DOL, or any other law enforcement agency?

22.   Have you, or has any member of your family, either
as an individual, or in the course of business, ever been a party
to any legal action or dispute with the United States, or with
any of the officers, departments, agencies, or employees of the
United States, including ICE or the DOL?  Have any of you had any
legal, financial or other interest in any such legal action or
dispute, or its outcome?

F.    Prior Jury Service

23.   Have you ever, at any time, served as a member of
a grand jury, whether federal, state, county or city court?

24.   Have you ever served as a juror in any court?  If
so, when and in what court did you serve and was it a civil or
criminal case?  Did the jury reach a verdict?

7

G.   <u>Experience as a Witness, Defendant, or Crime Victim</u>

25.   Has any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

26.   Have you ever been a witness or a complainant in any prosecution, state or federal?

27.   Are you, or any family member, to your knowledge, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

28.   Have you, or has any member of your family, any associate or close friend, ever been arrested or charged with a crime?

29.   Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

30.   Have you, or any of your close friends or relatives, ever been a victim of a crime?  [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the

8

circumstances of each crime.]

    H.   <u>Other Questions</u>

       31.  Do any of you have any problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

       32.  Are any of you taking any medication that prevents you from giving full attention to all of the evidence at this trial?

       33.  Do any of you have any difficulty in reading or understanding English in any degree?

       34.  Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

       35.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror.  Aside from the previous questions I have asked, do any of you have the slightest doubts in your own mind, for any reason whatsoever, that you will not be able to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

    I.   <u>Function of the Court and Jury</u>

       36.  The function of the jury is to decide questions of fact.  As a juror, you are the sole judge of the facts and

nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder.  However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions.  You may not substitute your ideas of what the law is or what you may think the law should be.  At the conclusion of this case, your job will be to determine whether or not each of defendants is guilty as charged in the Indictment.  Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

37.  Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that any possible punishment must not enter into your deliberations as to whether a defendant is guilty or not guilty?

38.  Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether a defendant is guilty or not guilty?

39.  It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any of you who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

10

J.   Juror's Background

40.  The Government respectfully requests that the Court ask each juror to state the following information:

        a.   the juror's family status;

        b.   the town or part of New York City in which the juror resides;

        c.   the juror's occupation and educational background;

        d.   the location of the juror's employer;

        e.   the period of employment with that employer;

        f.   the same information concerning other employment within the last five years;

        g.   the same information with respect to the juror's spouse and any working children;

        h.   what newspapers and magazines the juror reads and how often; and

        i.   what television programs the juror regularly watches.

K.   Requested Instruction Following Impaneling of the Jury

41.  You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial, you must not conduct any independent research about this case, the matters in this case, and the individuals and corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case

11

or to help you decide the case.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk and to no one else.  When I say report that to no one else, I mean that you should not tell anyone, including your fellow jurors.

42.  In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.  In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom.  Please do not wait in the courtroom.

43.  Finally, if anything should happen involving any juror which is of an unusual nature, or which you think is something the judge should be told about, do not discuss it with any other juror.  Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is

12

and what you have to say.  I make these remarks without expecting

anything unusual or improper to happen.  It is just safer to take

the precaution of alerting you in advance.

Dated:      New York, New York
            December 21, 2012


                            Respectfully submitted,

                            PREET BHARARA
                            United States Attorney
                            Attorney for the Government
                            United States of America



              By:  _____/s/_____
                   Janis M. Echenberg
                   James J. Pastore, Jr.
                   Assistant United States Attorneys
                   (212) 637-2597/2418