# EXHIBIT C



## U.S. Securities and Exchange Commission

**UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION**

Securities Exchange Act of 1934
Release No. 43173 / August 18, 2000

Administrative Proceeding
File No. 3-9334

| In the Matter of<br><br>STEVEN IRA WERTMAN,<br>ROBERT BRUCE ORKIN,<br>EDWARD CHARLES WILLIAM DONNER, III<br>and EARL SETH DAVID,<br><br>Respondent. | ORDER MAKING FINDINGS AND IMPOSING REMEDIAL SANCTIONS AS TO EARL SETH DAVID |
|---|---|

I.

On June 20, 1997, the U.S. Securities and Exchange Commission issued an Order Instituting Administrative Proceedings Pursuant to Section 15(b)(6) of the Securities Exchange Act of 1934 against Earl Seth David, among others. David has submitted an Offer of Settlement for the purpose of disposing of the issues raised by this proceeding.

David consents to the entry of this Order Making Findings and Imposing Remedial Sanctions ("Order") solely for the purposes of this proceeding and any other proceedings brought by or on behalf of the Commission or to which the Commission is a party, and prior to hearing and without admitting or denying the findings set forth herein. The Commission has determined that it is appropriate and in the public interest to accept the Offer of Settlement from David, and accordingly is issuing this Order.

II.

FACTS

Based on the foregoing, the Commission finds that:[1]

A. Respondents

1. Steven Ira Wertman

Wertman is a resident of Delray Beach, Florida. Wertman was a registered representative from 1983 to 1988, when he was barred by the NASD. In connection with the matters described in this Order, Wertman pled guilty to one count of racketeering, and was subsequently sentenced to a period of 21 months of incarceration in U.S. v. Michael G. Swan, et al., Case No. CR-S-96-288 (D.Nev. 1996).

2. Robert Bruce Orkin

Orkin was a resident of Coconut Creek, Florida, and was the beneficial owner and principal officer of R.B. Webster Investments, Inc. ("Webster") from its inception in November 1986, until it closed in October 1993. In 1993, the NASD barred Orkin for manipulating the market and charging unfair and fraudulent prices in two stocks during 1989. In connection with the matters described in this Order, Orkin was tried for, and convicted of, securities fraud, wire fraud and conspiracy, and was subsequently sentenced to a period of 65 months of incarceration and a fine in U.S. v. Orkin (Damon Cozzolino), et al., Case No. CR-S-96-287 (D.Nev. 1996).

3. Edward Charles William Donner, III

Donner is a resident of Palm Beach, Florida, and was a vice president and compliance director of Webster until it closed in October 1993. In connection with the matters described in this Order, Donner pled guilty to one count of conspiracy, and was subsequently sentenced to a period of 5 months of incarceration in U.S. v. Orkin (Cozzolino).

4. Earl Seth David

David is a resident of Marlboro, New Jersey, and an attorney who practices immigration law in New York and New Jersey.

B. Other Relevant Individuals and Entities

1. R.B. Webster Investments, Inc.

Webster was registered with the Commission as a broker-dealer, and maintained an office in Lauderhill, Florida from 1986 through 1993. It ceased operations in 1993.

2. Teletek, Inc.

During the relevant time period, Teletek was engaged in the business of marketing international calling services and prepaid calling cards, and had a 53% ownership interest in United Payphone Services, Inc. Teletek's common stock was registered with the Commission pursuant to Section 12 (g) of the Securities Exchange Act of 1934 ("Exchange Act") and traded in the over-the-counter markets, including from time to time on NASDAQ. During part of the relevant time period, the price of Teletek stock was less than $5.00 per share. Therefore, Teletek stock is considered penny stock for the purpose of Section 15(b)(6) of the Exchange Act [17 C.F.R. '240.3a51-1(f)].

3. United Payphone Services, Inc.

During the relevant time period, United Payphone was engaged in the business of operating, servicing and maintaining a system of privately owned pay telephones in Nevada, California and Arizona.

C. The Fraudulent Scheme

1. During the period from on or about September 1, 1991 through December 31, 1993, Respondents Wertman, Orkin, Donner and David participated in a scheme whereby Orkin caused Webster to sell Teletek common stock in return for secret payments which were not disclosed to Webster's customers. As a part of the scheme, in or about early 1992, Wertman and Orkin manipulated the market in Teletek common stock.

2. In 1992, Wertman and Orkin agreed that Webster would sell Teletek stock to its customers in exchange for Wertman arranging for secret cash payments to Orkin and for Webster to purchase Teletek stock at or below the bid price.

3. In or about March and April 1992, Teletek, directly or indirectly, issued seven million shares of its stock to nominees of Wertman. On April 24, 1992, Teletek filed with the Commission a registration statement on Form S-8 which in part covered the seven million shares and contained false and misleading statements and omissions concerning the identity of and services rendered by the recipients of the shares and other matters.

4. Webster acquired Teletek stock through the arrangements referred to in Paragraph C.2. above.

5. At Wertman's direction, David received and sold Teletek stock in a foreign account and made secret payments to Orkin from the proceeds of sales of the Teletek stock pursuant to Wertman's agreement with Orkin. Also at Wertman's direction, David paid a portion of the proceeds of sales of Teletek stock to Wertman and others. David was compensated by Wertman for his services.

6. Orkin and Donner, acting as traders for Webster, acquired Teletek stock pursuant to the arrangements referred to in Paragraph C.2. above.

7. Orkin, Donner and entities controlled by Orkin received secret payments on behalf of Orkin. At Orkin's direction, Donner arranged for the transfer of cash and other funds to foreign corporations and accounts controlled by Orkin. Donner was compensated by Orkin for his services.

8. In 1993, Teletek, directly or indirectly, issued shares of its stock to one or more foreign entities owned and controlled by Orkin. At least a part of the stock issued to Orkin through these entities was covered by a registration statement on Form S-8 filed by Teletek with the Commission which contained false and misleading statements and omissions concerning the identity of and services rendered by the recipients of the shares and other matters.

9. Orkin arranged for the registered representatives at Webster to sell the Teletek stock to their unsuspecting customers, who were not informed of the arrangements for Orkin to receive secret payments or of the payments he actually received.

10. In or about the spring of 1992, Wertman and Orkin, to maintain and support the market for Teletek common stock, manipulated the market for Teletek stock. Wertman and Orkin effected series of transactions creating actual and apparent active trading and maintaining, raising or attempting to raise the price of the stock for the purpose of inducing the purchase of the stock by others. Wertman and Orkin failed to disclose such activities to persons with whom they dealt or actual or prospective investors in Teletek stock.

11. As a result of certain of these and other acts, Wertman was indicted in U.S. v. Swan, and Orkin and Donner were indicted in U.S. v. Orkin (Cozzolino), which were factually related criminal proceedings in the U.S. District Court for the District of Nevada. David was not charged.

12. Respondent Wertman pled guilty to one count of racketeering in the U.S. v. Swan case and was sentenced to a period of 21 months of incarceration. The U.S. v. Orkin (Cozzolino) case was tried in 1998. In that case, Respondent Orkin was convicted of securities fraud and other offenses, and was sentenced to a period of 65 months of incarceration and a fine. Respondent Edward Donner was also a defendant in that case but pled guilty to one count of conspiracy and was sentenced to a period of five months of incarceration.

III.

FINDINGS

Section 17(a) of the Securities Act of 1933 provides that "it shall be unlawful for any person in the offer or sale of securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly (1) to employ any device, scheme or artifice to defraud, or (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser."

Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, prohibit any person from using any means or instrumentality of interstate commerce, the mail or any facility of any national security exchange "(1) to employ any device, scheme or artifice to defraud, (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

Based on the above, the Commission finds that David willfully violated Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.

V.

ORDER

Accordingly, IT IS HEREBY ORDERED that, David:

A. be, and hereby is, barred from participating in any offering of penny stock;

B. pay disgorgement and interest of $10,000;

C. pay a civil money penalty of $5,000;

D. pay the disgorgement, interest and civil money penalty as follows:

(1) $5,000 within ten (10) days of the entry of the Order,

(2) $5,000 within fifty (50) days of the entry of the Order, and

(3) $5,000 within ninety (90) days of the entry of the Order.

Each of the three payments is to be made in the form of a U.S. Postal money order, certified check, bank cashier's check, or bank money order, made payable to the Securities and Exchange Commission and shall be hand-delivered or mailed to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312, under cover of a letter that identifies the respondent and the name and file number of this proceeding. A copy of the cover letter and of the form of payment shall be simultaneously transmitted to counsel for the Commission.

By the Commission.

_____
Jonathan G. Katz
Secretary

**Footnotes**

[1] The findings herein are made pursuant to David's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

*http://www.sec.gov/litigation/admin/34-43173.htm*